# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW MADDOX, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>SASHA ADLER, et al.,<br><br>  Defendants. | Case No. 2:23-cv-00535-RFB-NJK<br><br>**Order**<br><br>[Docket No. 7] |

Pending before the Court is Defendants' motion to extend time to respond to complaint. Docket No. 7. Plaintiffs filed a response. Docket No. 9. No reply is needed. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Defendants' motion seeks an extension of time to May 10, 2023, to answer or otherwise respond to the complaint. Docket No. 7 at 3. Defendants submit that good cause exists to extend the deadline because Defendants' counsel has several depositions in other cases in the month of April and because they would have had until May 17, 2023, to file an answer had they waived service. *See id.* Plaintiffs submit good cause does not exist to extend the deadline because an attorney's busy schedule does not constitute good cause to extend a deadline. Docket No. 9 at 5-6. Plaintiffs further submit that granting Defendants' motion would result in unnecessary delay because Defendants have had a copy of the complaint in their possession since March 3, 2023. *Id.* at 1-2.

Deadlines set by the Federal Rules of Civil Procedure may be extended upon a showing of a good cause. Fed. R. Civ. P. 6(b). At the outset, the Court notes that it is dismayed by the lack of cooperation displayed by the parties so far in this case. Attorneys are expected to conduct themselves in a manner that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Obstructive refusal to make reasonable accommodation, … not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expenses to clients." *Hauser v. Farrell*, 14 F.3d

1

1338, 1344 (9th Cir. 1994), *overruled on other grounds by*, *Cent. Bank v. First Interstate Bank*, 511 U.S. 164, 173 (1994). Defendants' counsel has been in possession of a copy of the complaint since March 3, 2023, and the parties subsequently engaged in an extended exchange regarding Defendants' waiver of service. *See* Docket Nos. 9-1 through 9-7. A review of the record shows that the current motion practice is not the result of a good faith dispute but is instead the consequence of the formatting of documents and legal technicalities superseding commonsense cooperation.

Defendants have failed to show good cause exists to extend their deadline to respond to the complaint. As Plaintiffs note, an attorney's overburdened schedule does not constitute good cause for extending deadlines and is indeed cause for alarm. Docket No. 9 at 6 (quoting *Williams v. James River. Grp. Inc.*, No. 2:22-cv-00186-RFB-NJK, 2022 WL 4181415, at *4 (D. Nev. Sept. 13, 2022)). Additionally, although the extension Defendants seek is less than the total amount of time they would have been allowed had they waived service of the complaint, Defendants did not in fact waive service in this case. *See* Docket Nos. 7 at 2-3; 9 at 3-5. The Court struggles to see why Defendants should get the benefit of the extended time to respond to a complaint allowed to parties who waive the service of a complaint when they failed to fulfill their duty of "avoid[ing] unnecessary expenses of serving summons." Fed. R. Civ. P. 4(d)(1). *See also* Nev. R. Civ. P. 4.1(a). However, "given 'the public policy favoring disposition of cases on their merits,'" *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)), and because both parties failed to engage in good faith cooperation to resolve their service of process dispute, the Court will grant a Defendants a brief extension of time to answer or otherwise respond to the complaint.

Accordingly, Defendants' motion to extend time to respond to complaint is **GRANTED** in part. Docket No. 7. Defendants must file an answer or otherwise respond to Plaintiffs' complaint no later than April 25, 2023.

IT IS SO ORDERED.

Dated: April 18, 2023

_____
Nancy J. Koppe
United States Magistrate Judge