UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW MADDOX, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SASHA ADLER, et al., <br><br> Defendants. | Case No. 2:23-cv-00535-RFB-NJK <br><br> **Order** <br><br> [Docket Nos. 26, 27, 28] |

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. Docket No. 28; *see also* Docket No. 16 (motion to dismiss). Plaintiffs filed a response. Docket No. 29. Defendants filed a reply. Docket No. 30. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). When determining whether to stay discovery because of a dispute over a claim's arbitrability, courts evaluate the merits of the underlying motion to

1

determine if there is a "reasonable possibility or probability" of the motion being granted. *Arik v. Meyers*, Case No. 2:19-cv-01908-JAD-NJK, 2020 WL 515843, at *1 (D. Nev. Jan. 31, 2020) (citing *Shaughnessy v. Credit Acceptance Corp. of Nev., Inc.*, Case No. 2:07-cv-00921-KJD-GWF, 2007 WL 9728688, at *2-3 (D. Nev. Nov. 28, 2007)). Motions to stay discovery are frequently granted in such situations. *Id.* (citing *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, Case No. 5:16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017)). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

None of the parties disputes that resolution of the motion to dismiss requires additional discovery.[1] [2] *See* Docket Nos. 28 at 5; 29 at 8-15. The parties do dispute whether there is a reasonable possibility or probability of Defendants' motion to dismiss being granted. *See* Docket Nos. 28 at 3-5; 29 at 8-13; 30 at 2-8. However, the undersigned's evaluation of the motion to dismiss reveals that it is sufficiently meritorious to justify a stay of discovery.[3]

---

[1] Plaintiffs do not submit that additional discovery is needed to resolve the motion to dismiss in their response to the motion to stay discovery. *See* Docket No. 29 at 8-14. In their response to Defendants' motion to dismiss, Plaintiffs do, however, request that, if the Court dismisses their complaint under Federal Rule Civil Procedure 9(b), they be granted a limited discovery period for the purposes of discovering evidence to satisfy Rule 9(b)'s heightened pleading standard. *See* Docket No. 19 at 20-21. Dismissal under Rule 9(b) is only one of the grounds for dismissal raised in Defendants' motion to dismiss. *See* Docket No. 16 at 7-13. Because of the various grounds for dismissal raised by Defendants, and because Plaintiffs failed to raise the need for additional discovery to resolve the underlying dispositive motion in their response to the motion to stay, the Court considers the argument waived. *See Kor Media Grp., LLC*, 294 F.R.D. at 582 n.3.

[2] Although Plaintiffs do not submit that additional discovery is required to resolve the motion to dismiss, they do submit that the Court should deny the motion to stay discovery "because Defendants have already stipulated to conducting discovery which should be regarded as binding on them." Docket No. 29 at 8. Whether a stipulated discovery plan has previously been filed is not relevant to whether a motion to stay discovery should be granted. *Cf. Kor Media Grp., LLC*, 294 F.R.D. at 581-84 (acknowledging that the Court entered a joint proposed scheduling order prior to the motion to stay discovery being filed and then proceeding to conduct an evaluation of the motion to stay discovery on the merits). Plaintiffs' submission is, therefore, unpersuasive.

[3] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the underlying motions may have a different view of their merits. *See Tradebay*, 278 F.R.D. at 603. This "preliminary peek" at the merits of the underlying motions is not intended to prejudice their outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motions. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motions and subsequent briefing.

Accordingly, Defendants' motion to stay discovery is **GRANTED**. Docket No. 28. In the event resolution of the motion to dismiss does not result in the termination of this case, a joint proposed discovery plan must be filed within 7 days of the issuance of the order resolving the motion to dismiss.

Further, the parties' proposed discovery plans are **DENIED** as moot. Docket Nos. 26, 27.

IT IS SO ORDERED.

Dated: June 27, 2023

_____
Nancy J. Koppe
United States Magistrate Judge